UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Ollie Powell,

    Plaintiff,

v.                                           Case No. 04-71110

Royice Hill, *et al.*,                  Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff William Ollie Powell ("Plaintiff" or "Powell"), proceeding *pro se*, filed this action against several Detroit police officers alleging that on March 29, 2001, they violated his Fourth Amendment rights. The matter is currently before the Court on a Motion for Summary Judgment filed by Defendants on June 22, 2006. Although the Court scheduled oral argument to take place on December 21, 2006, Plaintiff failed to attend the hearing. Accordingly, the Court cancelled the hearing and ordered that a decision would be rendered based upon the briefs that have been submitted to the Court. *See* Local Rule 7.1. For the reasons set forth below, Defendants' motion shall be **GRANTED.**

## BACKGROUND

On March 30, 2004, Powell filed a *pro se* complaint against the following Detroit Police Officers: Royice Hill ("Hill"), James Woodside ("Woodside"), Ronald Hopp ("Hopp"), Franklin Hayes ("Hayes"), Levia Davis ("Davis"), Shonte White ("White"), and Lt. Michael Lee ("Lee"). Plaintiff alleges that on March 29, 2001, the Defendant Officers violated his Fourth

1

Amendment rights when they pulled over a vehicle that he was driving.

It is undisputed that on March 29, 2001, officers observed Jerome Crutcher operate and then exit a vehicle that had been car jacked at gun point two days earlier and enter a vehicle driven by Powell.  Powell alleges that Defendants pulled his vehicle over and, with guns drawn, ordered all occupants to exit the vehicle.  Although Powell has since admitted that he was not quadriplegic[1] on the date of the incident (*see* Powell Dep., attached as Ex. B to Def.'s Br., at 4-6), in his complaint he asserted that he was quadriplegic on the date of the incident and that he told the officers that he could not exist the vehicle that he had been driving because he was a quadriplegic. (Compl. at ¶ 2)   He alleges that an unidentified officer or officers then physically removed him from the vehicle using excessive force.

Powell further alleges that he was taken to the police station and, while he was not arrested, he was questioned about the identity of the passengers in the vehicle that he had been driving, and was later released.  (*Id*. at ¶4).

Mr. Crutcher was arrested on March 29, 2001, and was ultimately convicted of the car jacking.  Powell filed this action on March 30, 2004.

In an order dated March 15, 2006, the Court dismissed this action, for lack of progress pursuant to Local Rule 41.2, as to Defendants Hopp, Davis and White only.  (*See* March 15, 2006 Amended Partial Order of Dismissal).  Accordingly, only Hill, Woodside, Hayes and Lee remain as Defendants in this action.  On June 22, 2006, those four remaining Defendants filed the instant Motion for Summary Judgment.

---

[1] "One affected with paralysis of both arms and both legs." Merriam-Webster On-line Dictionary.

2

On June 27, 2006, this action was reassigned from the Honorable Patrick J. Duggan to this Court. On June 30, 2006, after receiving notice of the reassignment, Plaintiff filed a "Request for a Notice of Reassignment" in which Plaintiff requested an extension of dates relating to Defendants' Motion for Summary Judgment, so that he "could confer with an attorney."

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Although under the Local Court Rules any response opposing Defendants' June 22, 2006 Motion for Summary Judgment was required to be filed within 21 days of service of the motion (*i.e.*, no later than July 13, 2006), in response to Plaintiff's request for an extension to allow him to confer with counsel, on August 30, 2006, this Court issued an "Order for Submission of Responsive Pleading." In that order, the Court advised Plaintiff that Defendants had filed a Motion for Summary Judgment and ordered that Plaintiff's response to that motion must filed no later than September 13, 2006. Nevertheless, to date, Plaintiff has not filed any written response opposing Defendants' Motion for Summary Judgment.

On September 29, 2006, the Court issued a "Notice Setting Motion Hearing" in which the Court notified the parties to appear on December 21, 2006, for a hearing on Defendants' Motion for Summary Judgment. Although Defense counsel appeared for the motion hearing on December 21, 2006, Plaintiff did not appear.[2] Given that Plaintiff did not appear at the hearing,

---

[2] Nor did Plaintiff contact the Court to request an alternative hearing date or advise that he could not attend on the scheduled hearing date.

the Court did not believe that proceeding with oral argument would be beneficial. The Court therefore indicated on the record at the hearing that the motions would be decided on the briefs submitted. *See* Local Rule 7.1.

**Standard of Decision**

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Powell filed this action claiming: 1) that Defendants violated his Fourth Amendment rights by stopping his vehicle and questioning him without adequate justification (the "improper search and seizure claim"); and 2) that the Defendant Officers used excessive force in removing him from his vehicle on the date of the incident in question (the "excessive force claim").

A.   Defendants Are Entitled To Qualified Immunity With Respect To Plaintiff's Improper Search and Seizure Claim.

Powell's improper search and seizure claim is based upon his assertion that the officers who stopped him lacked reasonable suspicion necessary to effect a "*Terry*[3] stop." Defendants assert that they are entitled to qualified immunity with respect to this claim.

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not

---

[3]*Terry v. Ohio*, 392 U.S. 1 (1968).

violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Perez v. Oakland County*, __ F.3d __ (6th Cir. Oct. 18, 2006). In evaluating a qualified immunity defense, the court engages in a two-part analysis. The Court first determines whether, on the facts alleged, the official violated a constitutional or statutory right. *Id*. at *8. "If the Plaintiff does not establish the violation of a constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Id.* Under the second step, the Court determines whether the right violated was "clearly established" at the time of the violation. *Id.* at *9.

Defendants note that police officers may briefly stop an individual for investigation if they have reasonable suspicion that the person has committed a crime. *Houston v. Clark County Sheriff Deputy John Does 1-5*, 174 F.3d 809, 813 (6th Cir. 1999). They assert that they are entitled to qualified immunity with respect to Powell's improper search and seizure claim because under the undisputed facts of this case, the Defendant Officers had a reasonable basis for stopping the vehicle driven by Powell and Powell therefore cannot establish a constitutional violation.

The Court agrees. It is undisputed that Mr. Crutcher was observed operating and exiting a vehicle that had been reported stolen at gun point and then entering Powell's vehicle. In addition, a gun and personal items belonging to the victim of the car jacking were found in the vehicle. Those specific and articulable facts, taken together, with all reasonable inferences given the totality of the circumstances, reasonably warranted an investigatory stop of the vehicle by the officers and questioning of the occupants of the vehicle. Powell cannot establish a constitutional violation under the facts alleged and the Defendant Officers are therefore entitled to qualified immunity with respect to Powell's improper search and seizure claim.

> B.  Powell's Excessive Force Claim Against Defendants Fails Because Plaintiff Has Not Established That Any Of The Remaining Defendants In This Action Physically Touched Him.

In his complaint, Plaintiff does not identify the names of any of the officers he claims used excessive force on the date of the March 29, 2001 incident. In addition, Defendants note that Plaintiff is unable to identify which officer or officers he contends used excessive force in removing him from the vehicle. (*See* Def.'s Br. at 13).

The only remaining Defendants in this action are Officers Hill, Woodside, Hayes and Lee. In support of their Motion for Summary Judgment, Defendants submitted affidavits from Hill, Woodside and Hayes in which each Officer states, under oath, that he had no physical contact with Powell on the date of the incident, March 29, 2001. (*See* Ex. E to Def.'s Motion for Summ. J.). Defendants Hill, Woodside and Hayes therefore assert that Powell's excessive force claims against them must be dismissed.

Defendants further state that any excessive force claim against Officer Lee fails because it is undisputed that Officer Lee was not even present at the March 29, 2001 incident. Rather, his only involvement was to review and sign preliminary complaint records associated with the case.

The Court agrees that Defendants are entitled to summary judgment with respect to Plaintiff's excessive force claim. Plaintiff has not identified any of the remaining Defendants as the officers who allegedly used excessive force at the March 29, 2001 incident and each of the Defendants that was physically present at the scene has submitted an affidavit stating that he had no physical contact with Powell.

Accordingly, Powell's excessive force claim shall also be dismissed.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED.**

    **IT IS SO ORDERED**.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated:  December 26, 2006

I hereby certify that on December 26, 2006, a copy of the foregoing document was served upon counsel of record by electronic means and by ordinary mail upon:

William Ollie Powell
5505 Cadieux
Detroit, MI 48224

                              S/Jennifer Hernandez
                              Case Manager